**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT H. NEWELL, | No.    19-56522 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-06893-CJC-AGR |
| v. | |
| MERRICK B. GARLAND, Attorney General; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Robert H. Newell appeals pro se from the district court's judgment dismissing his action for declaratory and injunctive relief challenging the constitutionality of various federal child pornography statutes.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).  We affirm.

The district court properly dismissed Newell's action because Newell failed to allege facts sufficient to demonstrate an injury-in-fact.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability; "injury in fact" refers to "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).  However, a dismissal for lack of subject matter jurisdiction should be without prejudice.  *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).  We affirm the dismissal, and instruct the district court to amend the judgment to reflect that the dismissal of this action is without prejudice.

We reject as without merit Newell's contention that his overbreadth challenge to the statutes excuses the injury-in-fact requirement.  *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004) ("[T]he overbreadth doctrine does not affect the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED; REMANDED with instructions to amend the judgment.**